UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

In the Matter of                                                      :
                                                                            :
AMR Corporation                                                  :
------------------------------------------------------------X
STEPHEN C. DAVIDSON                                        :
                                                                            :
                                          Appellant,            :
                                                                            :
                        -against-                                  :
                                                                            :
AMR CORPORATION, *et al.*,                             :
                                                                            :
                                          Appellee.             :
------------------------------------------------------------X

<div style="float:right">
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____3/9/17
</div>

16-CV-1970 (VEC)

MEMORANDUM
OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

Appellant Stephen Davidson ("Davidson"), proceeding *pro se*, appeals from three orders of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"): (1) denying Davidson's proof of claim in Appellee AMR Corporation's ("AMR") Chapter 11 case; and (2) denying two motions for reconsideration under Section 502(j) of the Bankruptcy Code. Davidson's appeal of the Bankruptcy Court's orders denying his proof of claim and first motion for reconsideration is DISMISSED; Davidson's appeal of the Bankruptcy Court's order denying his second motion for reconsideration is DENIED, and that Bankruptcy Court order is AFFIRMED.

## BACKGROUND

Davidson, a former American Airlines ("AA") pilot, is attempting to take a fourth bite at the apple on various claims against his former employer. Davidson unsuccessfully sought relief in Florida state court for purported civil rights violations and tort claims. Then Davidson commenced unsuccessful grievance procedures with AA. After those losses, Davidson filed a

proof of claim for over $16 million in AMR's bankruptcy proceeding. The Bankruptcy Court denied not only that proof of claim but two motions to reconsider. This appeal followed.

### A.  The Florida State Court Action[1]

In 2002, Davidson, represented by counsel, sued AA in Florida State Court in *Davidson v. American Airlines, Inc.*, No. 02-01208-CA-20. CD 23 ("Debtors' Supplement"), Ex. C ("Complaint"). That complaint was subsequently amended to assert four causes of action—race discrimination and retaliation under the Florida Civil Rights Act of 1992, Fla. Stat. 760.01 ("FCRA"), negligent hiring and supervision, and vicarious liability for alleged physical assaults by a training instructor. Debtors' Supplement, Ex. D ("Amended Complaint"). The alleged physical assaults included: (1) a kick during a captain simulator training ("the kicking incident"); and (2) a pat on the shoulder ("shoulder pat incident"). *Id.*  ¶¶ 46, 56; CD 29 ("Order"), at 2-3 & n.1-5. He also alleged generally other acts of verbal harassment and physical intimidation by AA flight instructors. Amended Complaint ¶¶ 47, 57.

AA moved for summary judgment, which the Florida State Court granted on three of the four claims. Order at 3. The case proceeded to trial, and the jury found in favor of AA on the remaining retaliation claim. *Id.* at 3-4. Davidson appealed to the Third District Court of Appeal for the State of Florida, which affirmed the lower court's decision in *Davidson v. Am. Airlines, Inc.*, Nos. 3d07-2063, 3D07-1901, 2D08-234 (Fla. 3d Dist. Ct. App. Apr. 29, 2009).[2] *Id.* at 4.

---

[1]    This Court uses the following abbreviation herein: Exhibits to Appellee's Counter Designations of the Record on Appeal ("CD __").

[2]    The Bankruptcy Court, relying on AA's submissions, noted that Davidson did not seek any further appeal or review after the Third District Court of Appeal affirmed the lower court's decision. Order at 4. Although not material to the result here, in fact Davidson did attempt to appeal to the Florida Supreme Court, which declined to review the matter. *Davidson v. Am. Airlines, Inc.*, No. SC09-1387 (Fla. dismissed Aug. 10, 2009). A court may take judicial notice of filings in state or federal court. *See Bd. of Managers of 195 Hudson St. Condo. v. Jeffrey M. Brown Assocs., Inc.*, 652 F. Supp. 2d 463, 471 (S.D.N.Y. 2009); *see also Kramer v. Time Warner*, 937 F.2d 767,

### B.  The Grievance Procedures

Following his loss in state court, Davidson filed a grievance pursuant to a collective bargaining agreement between AA and the Allied Pilots Association ("APA"), the union representing AA pilots.  Debtors' Supplement, Ex. K.  In the grievance, Davidson sought retroactive long-term disability benefits covering the period from July 8, 1999, through June 15, 2007, for an injury that allegedly stemmed from the kicking incident years earlier.  Debtors' Supplement ¶ 12; *id.* Ex. A ("Proof of Claim"),[3] Grievance Appeal Hearing Tr. 9:4-11.  A hearing was held before an AA managing director, and Davidson's grievance was denied. Debtors' Supplement, Ex. J.  The union submitted the grievance to the Pre-Arbitration Conference for further consideration.  Debtors' Supplement, Ex. K.

While Davidson's grievance was pending further consideration, the Bankruptcy Court approved a new collective bargaining agreement and settlement letter between APA and AA. Bankr. Dkt. 5800 ("Settlement Letter Order").[4]  The settlement letter stated, in part:

> **In full and complete satisfaction of any and all claims APA has or might arguably have**, **on behalf of itself or the pilots represented by APA** . . . the APA Settlement Consideration fully, finally, and **completely extinguishes any and all claims, interests, causes or demands** (including any and all pending grievances, excluding those grievances identified in Exhibit 1) that APA has or might arguably have, on behalf of itself or the pilots represented by APA . . . against the

---

774 (2d Cir. 1991) (noting that the Court considers the documents "not for the truth of the matters asserted [within them] . . . but rather to establish the fact" that the prior proceedings and the related filings occurred).

[3]      Davidson's proof of claim is in the record as Exhibit A to the Debtors' Supplement to Objection to Proof of Claim 7670 Filed by Stephen Davidson.  *See* CD 23.  According to the cover sheet for Exhibit A, Davidson's proof of claim was filed under seal in the Bankruptcy Court.  Because the sealed proof of claim was not included in Appellee's courtesy copy of its Counter Designation of the Record on Appeal, at the Court's request, Appellee separately emailed a copy of Davidson's proof of claim.

[4]      Bankruptcy Court docket entries in Bankruptcy No. 11-BK-15463 (SHL), the case that is the subject of this appeal, are cited as "Bankr. Dkt.," and docket entries in the appeal before this Court are cited as "Dkt."

Debtors arising prior to the Effective Date of this Letter of Agreement as
defined below.

Debtors' Supplement, Ex. L ("Settlement Letter") § 1 (emphasis added).  Davidson's grievance

was not included in Exhibit 1 of the Settlement Letter.  Settlement Letter at 7.  Accordingly, per

the terms of the Settlement Letter, the APA and AA agreed to extinguish Davidson's pending

grievance as part of the negotiated global settlement agreement.

### C.  The Bankruptcy Court Proceedings

On November 29, 2011, AMR and its related debtor entities, including AA, filed a

Chapter 11 bankruptcy petition.  Bankr. Dkt. 1.  On July 12, 2012, Davidson filed a proof of

claim for more than $16 million.  Proof of Claim at 5.  The proof of claim included a two page

letter accompanied by 190 pages of documents.  *See id.*[5]

The Appellees filed omnibus objections seeking to expunge Davidson's proof of claim.

Bankr. Dkt. 12048; Order at 5.  The Bankruptcy Court held a hearing during which Davidson

explained that the kicking and shoulder pat incidents, along with another incident involving a

firm handshake that occurred between the kicking and shoulder pat incidents ("handshake

incident"), formed the basis for his proof of claim.  Bankr. Dkt. 12371 ("Hearing Tr.") at 36:18-

42:4.[6]

On January 28, 2015, the Bankruptcy Court expunged Davidson's proof of claim, finding

that it was barred by *res judicata* on account of his prior Florida state court action.  Order at 6-

11.  The Bankruptcy Court also denied Davidson's proof of claim to the extent that any portion

---

[5]     According to Davidson's proof of claim, AA owed Davidson $3.85 million for loss of salary, $2.5 million
for loss of retirement, $2 million for past and future medical care and treatment, $2 million for loss of excellent
health, $1.16 million for twenty-two years of retroactive and prospective long-term disability benefits, and $5
million for loss of happiness and enjoyment of life.  Proof of Claim at 5.

[6]     Portions of the transcript were printed in the Order at 8 n.15.

of it stemmed from the grievance he filed with AA, given that Davidson's representative, the APA, had settled that matter as part of a Court-approved global settlement agreement with AA. *Id.* at 9 n.16.

Davidson made a motion to reconsider the denial of his proof of claim, which was received by the Bankruptcy Court on February 13, 2015.  CD 31.  On July 10, 2015, the Bankruptcy Court denied the motion.  CD 33.  Over three months later, Davidson filed a second motion to reconsider.  CD 35.  On February 18, 2016, the Bankruptcy Court denied Davidson's second motion to reconsider, CD 37, and this appeal followed on February 29, 2016, Dkt. 1.

## DISCUSSION

District courts have appellate jurisdiction over bankruptcy court rulings under 28 U.S.C. § 158(a)(1).  "A district court reviews a bankruptcy court's findings of fact for clear error and reviews its legal conclusions *de novo*."  *Green Tree Servicing, LLC v. Wilson (In re Wilson)*, 532 B.R. 486, 489 (S.D.N.Y. 2015) (citing *Overbaugh v. Household Bank, N.A. (In re Overbaugh)*, 559 F.3d 125, 129 (2d Cir. 2009) (per curiam)).

Davidson appears to present two issues on appeal.[7]  The first is whether the Bankruptcy Court abused its discretion in denying Davidson's motions for reconsideration.  The second is whether the Bankruptcy Court's order disallowing his proof of claim was properly denied on the basis of *res judicata*.  Because the appeal was not timely filed as to the denial of the proof of claim and the first motion for reconsideration, this Court lacks jurisdiction over the appeal from

---

[7]     Davidson's submissions on appeal do not explicitly appeal the order disallowing the proof of claim or the orders denying the motions for reconsideration; nevertheless, as Davidson is *pro se*, we construe his submissions "more leniently than submissions by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and "interpret them to raise the strongest arguments that they suggest," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006).

those orders.  As to the second motion for reconsideration, the Court has jurisdiction over the

appeal, but the appeal is without merit.

I.      **Davidson Failed to Appeal Timely the Bankruptcy Court's Orders Expunging His Proof of Claim and Denying First Motion for Reconsideration**

Under Bankruptcy Rule 8002(a) an appeal from a judgment or order not made within

fourteen days after entry of that judgment or order may not be considered; this time limit is

jurisdictional.  Fed. R. Bankr. P. 8002(a); *see In re Indu Craft, Inc.*, 749 F.3d 107, 115 (2d Cir.

2014) (citing *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) (per curiam)).  Bankruptcy Rule

8002(d), however, allows a party to move for an extension, either within fourteen days after

entry of the judgment or order being appealed or within twenty-one days after that time if the

party shows excusable neglect.  Fed. R. Bankr. P. 8002(d)(1)(B).  Excusable neglect is a context-

specific inquiry that considers all relevant circumstances including: "(1) the danger of prejudice

to the [non-movant]; (2) the length of the delay and its potential impact on judicial proceedings;

(3) the reason for the delay, including whether it was within the reasonable control of the

movant; and (4) whether the movant acted in good faith."  *Silivanch v. Celebrity Cruises, Inc*.,

333 F.3d 355, 366 (2d Cir. 2003) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*

*P'ship*, 507 U.S. 380, 385 (1993)).

In addition, if a party timely files a motion to alter or amend a judgment under Rule 9023

(which incorporates Federal Rule of Civil Procedure 59) or for relief under Rule 9024 (which

incorporates Federal Rule of Civil Procedure 60), then the time to file a notice of appeal is tolled

until the bankruptcy court enters an order resolving the motion.  Fed. R. Bank. P. 8002(b)(1).  A

motion to alter or amend a judgment and a motion for relief must both be filed no later than

fourteen days after entry of judgment in order to toll the time to appeal.  Fed. R. Bankr. P. 9023;

Fed. R. Bankr. P. 8002(b)(1).  The Bankruptcy Rules also provide an absolute time limit on

extensions: "No extension of time may exceed 21 days after the time prescribed by this rule, or 14 days after the order granting the motion to extend time is entered, whichever is later."  Fed. R. Bankr. P. 8002(d)(3).

The Bankruptcy Court disallowed Davidson's proof of claim by an order entered on January 28, 2015.  Order at 11.  Accordingly, Davidson's deadline to appeal that order was February 11, 2015.  Davidson filed his first motion for reconsideration on February 13, 2015[8]— two days after his deadline to make a motion in Bankruptcy Court to toll the time to appeal.  CD 31.  The Bankruptcy Court denied Davidson's first motion for reconsideration on July 10, 2015.  CD 33.  More than three months later, Davidson filed his second motion for reconsideration,[9] CD 35, which the Court denied on February 18, 2016, CD 37.  Davidson filed this appeal on February 29, 2016.[10]  Dkt. 1.

Because Davidson's first motion for reconsideration—whether properly considered under Rule 9023 or 9024—was not filed within fourteen days of the order denying his proof of claim, his time to appeal the denial of his proof of claim was not tolled.[11]  Davidson's second motion for reconsideration was filed even later—more than three months after the order denying his first

---

[8]      Davidson's motion was stamped "Received" by the Bankruptcy Court on February 13, 2015.  ECF shows the motion was filed on February 19, 2015; Davidson dated and served his motion on February 10, 2015.

[9]      According to ECF, the motion was filed on October 22, 2015.  Davidson dated the motion October 5, 2015.

[10]      Davidson's notice of appeal is stamped "Received" by the Bankruptcy Court on February 29, 2016, but ECF shows the document was filed on March 16, 2016.

[11]      The Court might be inclined to excuse Davidson's late filing of his first motion to reconsider given that he filed it only two days late, but there does not appear to be any authority for doing so.  *See, e.g.*, *Thompson v. JP Morgan Chase Bank, N.A.*, No. 11-CV-2905 (JFB), 2012 WL 739384, at *3 (E.D.N.Y. Mar. 8, 2012) (holding that the court lacked jurisdiction to consider the appeal because the motion to reconsider, filed one week late, did not toll the time to appeal).  Regardless, even if the Court did have the discretion to toll Davidson's time to appeal the denial of his proof of claim on the basis that his first motion to reconsider was almost timely, his appeal would still be untimely because the second motion for reconsideration was not filed within fourteen days of the Bankruptcy Court's order denying the first motion to reconsider.

motion for reconsideration—and did not toll his time to appeal the denial of his proof of claim or first motion for reconsideration pursuant to Bankruptcy Rule 8002(b)(1).  Moreover, at no time did Davidson make a motion to extend his time to appeal pursuant to Bankruptcy Rule 8002(d)(1).  Therefore, even if Davidson could have shown "excusable neglect" when requesting an extension of time to file his appeal, his appeal was filed significantly beyond the twenty-one-day extension period permitted by Bankruptcy Rule 8002(d)(1).  Accordingly, to the extent Davidson appeals the expungement of his proof of claim and denial of his first motion for reconsideration, that appeal is untimely, and this Court lacks jurisdiction to decide it.  *See, e.g.*, *In re Mark IV Indus., Inc.*, 558 Fed. App'x 135, 137 (2d Cir. 2014) (dismissing a *pro se* bankruptcy appeal under Fed. R. Bankr. P. 8002 because it was untimely filled more than one year from the fourteen-day jurisdictional deadline and because the appellant failed to procure any extension).

Davidson did, however, timely appeal the denial of his second motion for reconsideration; Davidson's notice of appeal was filed eleven days after the Bankruptcy Court denied his second motion for reconsideration.  Thus, to the extent Davidson appeals the Bankruptcy Court's order denying his second motion for reconsideration, this Court has jurisdiction.  *See In re Spiegel, Inc.*, 385 B.R. 35, 37-38 (S.D.N.Y. 2008) (holding the court lacked jurisdiction to review the disallowance of the proof of claim because the appeal was untimely, but it had jurisdiction to review the denial of the motion for reconsideration because the appeal of the denial of that motion was timely).

II.     **The Order Denying Davidson's Second Motion for Reconsideration Is Affirmed, and the Orders Denying Davidson's Proof of Claim and First Motion for Reconsideration Would Be Affirmed If the Court Had Jurisdiction**

A.  **The Bankruptcy Court Did Not Abuse Its Discretion in Denying Davidson's Motions to Reconsider**

The standard of review for the denial of a motion to reconsider is abuse of discretion.  *See Cyrus v. City of N.Y.*, 450 F. App'x 24, 26 (2d Cir. 2011) (summary order) ("[P]laintiff's notice of appeal . . . brings before us only the denial of the motion for reconsideration, which we review for abuse of discretion."); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (applying an abuse of discretion standard to review a district court's decision on a motion for reconsideration); *In re Spiegel, Inc.*, 385 B.R. at 38 ("The Court reviews the Bankruptcy Court's denial of a Rule 60(b) motion for abuse of discretion.").

Section 502(j) of the Bankruptcy Code provides that a claim that has been disallowed may be reconsidered for cause.  11 U.S.C. § 502(j).  Courts decide motions under section 502(j) by "[a]pply[ing] the same analysis that it would to a motion under Fed. R. Bank. P. 9023 (incorporating Fed. R. Civ. P. 59) or Fed. R. Bankr. P. 9024 (incorporating Fed. R. Civ. P. 60), depending on whether the movant . . . sought reconsideration within [fourteen days] after the entry of the order disallowing the claim, or did so only later."  *In re Terrestar Networks, Inc.*, Nos. 10–15446 (SHL), 11-10612 (SHL), 2013 WL 781613, at *2 (Bankr. S.D.N.Y. Feb. 28, 2013) (collecting cases).  Both Bankruptcy Rule 9023 and 9024, respectively, prevent "repetitive arguments on issues that have been considered fully by the court," *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999) (discussing the purpose of Rule 59(e), which applies pursuant to Bankruptcy Rule 9023), and "relitigat[ing] matters settled by the original judgment," *Frankel v. ICD Holdings S.A.*, 939 F. Supp. 1124, 1127 (S.D.N.Y. 1996) (discussing the purpose of Rule 60(b), which applies pursuant to Bankruptcy Rule 9024).

9

To prevail on a motion under Rule 9023, the movant "must show that the court overlooked controlling decisions or factual matters that might materially have influenced its earlier decision," *In re Parade Place, LLC*, 508 B.R. 863, 869 (Bankr. S.D.N.Y. 2014) (citation omitted), and the motion is "granted only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice,'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  Similarly, a motion under Rule 9024 is granted "only upon a showing of exceptional circumstances."  *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).

As to Appellant's first motion to reconsider, the Bankruptcy Court determined that the factual matters Davidson raised would not "materially influence" the decision to disallow Davidson's proof of claim.  CD 33, at 4.  Indeed, Davidson admitted in his motion for reconsideration that "[a]ll attached documents have previously been provided to this Honorable Court as well as opposing counsel."  CD 31, at 8.  The Bankruptcy Court specifically addressed several of the factual matters raised by Davidson and noted that the problem with Davidson's proof of claim was not compensability but that Davidson had failed to "establish his entitlement to the additional amounts sought in the [proof of] [c]laim."  CD 33, at 5.  Based on its own review of the record, this Court finds that the Bankruptcy Court did not "base[] its ruling[s] on an erroneous view of the law or on a clearly erroneous assessment of the evidence," *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)), and thus did not abuse its discretion in denying Davidson's first motion for reconsideration.

In his second motion for reconsideration, Davidson again admitted that "[a]ll document [sic] and Information has previously been provided to this Honorable Court . . . ." CD 35, at 1. Davidson's second motion for consideration focused on the grievance and benefits process at AA, *see generally* CD 35, 36; as the Bankruptcy Court held, these were issues previously raised and thus did not qualify as new evidence or controlling decisions overlooked by the Bankruptcy Court. CD 37, at 4. The Bankruptcy Court also considered Davidson's argument, newly raised, regarding the disbarment of his Florida attorney. The Bankruptcy Court correctly concluded that Davidson was attempting to re-litigate the Florida state claims and that the appropriate forum in which to raise concerns about his Florida attorney was the Florida state court. *Id.* at 4 n.2. Moreover, the Bankruptcy Court held that Davidson had not demonstrated exceptional circumstances, mistake, surprise, or excusable neglect. *Id.* at 5. Again, based on its own review of the record, this Court concludes that the Bankruptcy Court did not abuse its discretion in denying Davidson's second motion for reconsideration.

### B. The Bankruptcy Court Did Not Err in Concluding that *Res Judicata* Bars the Florida State Claims

Putting aside the issue of whether the Bankruptcy Court abused its discretion in denying Davidson's motions for reconsideration, it is clear that the Court appropriately expunged Davidson's proof of claim as a transparent attempt to avoid the preclusive effect of the Florida judgment.

"It is [well] settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *In re AMR Corp.*, 491 B.R. 372, 376 (Bankr. S.D.N.Y. 2013) (alteration in original) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). Under Florida law, *res judicata* applies when there is an earlier decision that is (1) a

11

final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties, and (4) involving the same cause of action. *See Philip Morris USA, Inc. v. Douglas*, 110 So. 3d 419, 425 (Fla. 2013). "[S]ummary judgment is a final judgment on the merits and is entitled to the full preclusive effect of any final judgment." *Bazile v. Lucent Techs.* 403 F. Supp. 2d 1174, 1180 (S.D. Fla. 2005) (citing *Exhibitors Poster Exch., Inc. v. Nat'l Screen Serv. Corp.*, 517 F.2d 110 (5th Cir. 1974)). "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action . . . the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1297 (11th Cir. 2001) (citation omitted).

All the elements of *res judicata* are satisfied here. All of Davidson's claims were brought in the Florida state court action, and that action culminated in a final judgment on the merits. Three of the four claims were decided at summary judgment in AA's favor, and a jury resolved Davidson's remaining claim in favor of AA. Order at 3, 4. Florida's Third District Court of Appeal affirmed the verdict and the grant of summary judgment. *Davidson v. Am. Airlines, Inc.*, Nos. 3d07-2063, 3D07-1901, 2D08-234 (Fla. 3d Dist. Ct. App. April 29, 2009). Further, Florida state court was a competent jurisdiction, and the proof of claim and Florida state court action involve the same parties, namely Davidson and AA.

Davidson's proof of claim involves the same cause of action—i.e., it arises out of the same nucleus of operative fact—as Davidson's claims in the Florida state court action. Although Davidson's proof of claim is far from clear regarding the basis for the amounts sought, as discussed above, during the hearing regarding Appellee's objections to Davidson's proof of claim, Davidson explained that the kicking, handshake, and shoulder pat incidents provided the basis for his claim. Hearing Tr. at 36:18-42:4. The kicking and shoulder pat incidents were

12

unequivocally part of the Florida state court litigation as they were identified in Counts III and IV of Davidson's Amended Complaint.  Amended Complaint ¶¶ 46, 56.  Although the handshake incident was not explicitly mentioned in the Complaint or Amended Complaint, it, too, arises out of the same set of operative facts as the Florida state court litigation because Davidson generally alleged verbal harassment and physical intimidation by his AA flight instructors.  *See* Amended Complaint ¶¶ 47, 57.  Further, the handshake incident occurred between the time of the kicking incident and the shoulder pat incident and before Davidson filed his Amended Complaint.  If he did not include the handshake incident in his Florida action, he could have.  *See Griswold v. County of Hillsborough*, 598 F.3d 1289, 1293 (11th Cir. 2010) (noting *res judicata* bars claims "that could have been raised" in the prior litigation") (citations omitted).  Therefore, *res judicata* properly precludes re-litigation in this case.

During the hearing regarding Appellee's objections to the proof of claim, Davidson argued that *res judicata* should not apply because:  (1) AA hid relevant information during the course of the Florida litigation, *see* Hearing Tr. 54:12-17; 56:17-25; (2) AA's managers and supervisors committed perjury, *see* Hearing Tr. 57:1-7; and (3) AA engaged in criminal acts and "three corporate cover-ups of that criminal act," *see* Hearing Tr. 58:14-19.  The Court agrees with the Bankruptcy Court that the evidence proffered by Davidson does not support his claim that AA hid material evidence, lied, or engaged in a criminal cover up, but, in any event, the forum in which those alleged problems should have been addressed was the Florida state court.

In short, the Bankruptcy Court correctly concluded that *res judicata* bars Davidson from raising these issues in his proof of claim because they either were or could have been raised in the Florida state court lawsuit.[12]

### C.   The Bankruptcy Court Did Not Err in Concluding that *Res Judicata* Bars the Employee Benefits Claims

Davidson appears also to base his proof of claim on the grievance he filed for employee benefits—primarily long-term disability benefits.  As the Bankruptcy Court noted, Davidson attached to his proof of claim several documents relating to his grievance, although he did not explain how those documents or the grievance supported the amounts sought in his proof of claim.  Nevertheless, those claims are also barred by *res judicata*.

Davidson filed his 2009 grievance pursuant to the applicable collective bargaining agreement between AA and APA, his union.  Debtors' Supplement, Ex. I.  His grievance was denied.  While his grievance was pending for further consideration, the APA and AA settled all outstanding employee grievances, including Davidson's, as part of a global settlement. Settlement Letter § 1.  The Bankruptcy Court approved the settlement and ordered that the settlement "completely extinguishe[d]" all claims except "those grievances identified in Exhibit 1."  Settlement Letter Order; Settlement Letter, at § 1.  Because Davidson's grievance was not specifically identified in Exhibit 1 of the Settlement Letter, his grievance was "completely extinguished."

The settlement agreement satisfies the requirements for *res judicata*, which, under Second Circuit law, are "(1) the previous action involved an adjudication on the merits; (2) the

---

[12]     Indeed, with respect to the perjury allegation, Davidson argued in a brief in his Florida state court lawsuit that the exclusion of certain "kicking evidence" led to AA's "suborned testimony which misled the jury." Appellant's Reply Brief and Cross-Appellee's Answer Brief, at 20, *Davidson v. Am. Airlines, Inc.*, Nos. 3D07-2063, 3D07-1901, 2D08-234, at 20 (Fla. 3d Dist. Ct. App. Feb. 4, 2009).

previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000) (citations omitted).  Because the Bankruptcy Court approved the settlement agreement as part of the bankruptcy plan and because the settlement agreement by its terms extinguished all claims that the APA or its members had or may have had, the settlement agreement is a final judgment on the merits.  *Greenberg v. Bd. of Governors of Fed. Reserve Sys.*, 968 F.2d 164, 168 (2d Cir. 1992) ("Settlements may also have preclusive effect. . . . The preclusive effect of a settlement is measured by the intent of the parties to the settlement." (citation omitted)).  The APA was in privity with Davidson when it executed the settlement agreement because his "interests were adequately represented by another vested with the authority of representation." *Alpert's Newspaper Delivery, Inc. v. The New York Times Co.*, 876 F.2d 266, 270 (2d Cir. 1989).  There is no evidence or allegation that the APA was not authorized to enter the settlement agreement on behalf of its members, nor is there evidence or allegation of collusion between the APA and AA.  *See Monahan*, 214 F.3d at 285-86, 288 (holding union was in privity with its members when it entered into settled agreement because there was, *inter alia*, no evidence that the union was not authorized to proceed on behalf of its members in the lawsuit and no evidence of collusion between the union and management).  Finally, the claims regarding long-term disability benefits that Davidson appears to have raised in his proof of claim are the same claims that he raised in his grievance, or at the very least, there is no indication that they could not have been raised in his prior grievance.

Accordingly, *res judicata* bars Davidson's proof of claim to the extent it is based on claims for employee benefits.

**CONCLUSION**

Because this Court lacks jurisdiction over Davidson's appeal of the denial of his proof of claim and his first motion for reconsideration, Davidson's appeal as to those orders is DISMISSED.  To the extent Davidson appeals the order denying his second motion for reconsideration, his appeal is DENIED, and the Bankruptcy Court's decision is AFFIRMED for the reasons provided above.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and permission to proceed *in forma pauperis* is denied.  The Clerk of Court is respectfully directed to terminate the case, to mail a copy of this Order to Appellant, and to note mailing on the docket.

**SO ORDERED.**

Date:   **March 9, 2017**                                         **VALERIE CAPRONI**
         **New York, New York**                              **United States District Judge**

16